Case 6:07-cv-06062-RTD   Document 6   Filed 09/18/07   Page 1 of 3 PageID #: 20

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

EDDIE S. WATKINS                                                                                       PLAINTIFF

       v.                              Civil No. 6:07-cv-06062

RICHARD GARRETT, Chief
Deputy Prosecuting Attorney for
Hot Spring County, Arkansas                                                                        DEFENDANT

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

    Eddie S. Watkins, currently an inmate in the Arkansas Department of Correction, Diagnostic Unit at Pine Bluff, Arkansas, filed this civil rights action pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*. The case is before the court for a determination of whether service of process should issue.

**I.  BACKGROUND**

    According to the allegations of the complaint, on April 30, 2001, Watkins began serving a fifty-one month sentence in federal prison, *United States v. Watkins*, 6:00-cr-60026-001. In March of 2006, he had pending a state criminal case in Hot Spring County, Arkansas, *State v. Watkins,* CR. No. 05-191-2, in which he was charged with five counts of forgery in the second degree.

    Prior to March 26, 2006, Watkins alleges his attorney Phyllis Lemons advised him she had reached an agreement with Richard Garrett, the prosecuting attorney, that would allow Watkins to plead guilty to a 10 year state sentence. Watkins further alleges that under the terms of the plea agreement he would be allowed to serve his state sentence concurrently with his federal sentence that he was already serving.

-1-

Watkins states he was brought to Malvern, Arkansas, on March 26, 2006. Watkins maintains Garrett told him that if he took the plea he would not "have to worry about doing any state time after [he] was released from the federal system in May of 06." Watkins entered the plea that evening.

Approximately six weeks later, when Watkins was due for release from the federal prison, Watkins was advised that Garrett had placed a detainer on him. Watkins was advised he still had time to serve on the state sentence stemming from the March 26, 2006, guilty plea.

Watkins indicates he was then taken to the Hot Spring County Jail and from there to the Grant County Jail and then was placed on the transfer list for the Arkansas Department of Correction. Prior to his transfer to the state prison, Watkins was able to obtain a court order correcting his sentence to reflect that the state and federal sentences were to run concurrently. Watkins was credited with the total amount of time served on his federal sentence and the court order reflects that the State of Arkansas accepted the fifty-one months served on the federal sentence as satisfaction of the sentence issued by the court in *State v. Watkins*, CR. No. 05-191-2.

As relief, Watkins seeks a formal apology from Garrett to be published in Malvern Daily Record. Watkins also seeks compensatory damages for false imprisonment and mental anguish.

## II. DISCUSSION

Watkins' claims are subject to dismissal. Deputy prosecutor Richard Garrett is immune from suit. The United States Supreme Court, in *Imbler v. Pachtman*, 424 U.S. 409, 431, 96 S. Ct. 984, 995, 47 L. Ed. 2d 128 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case."  *Id.*, 424 U.S. at 427. This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.*, 424 U.S. at 430.  *See also Buckley v. Fitzsimmons*, 509 U.S. 259, 113 S. Ct. 2606, 2615, 125 L. Ed. 2d 209 (1993)(Prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity while a prosecutor acting in an investigatory or

administrative capacity is only entitled to qualified immunity). Based on the allegations of the complaint, it is clear the defendant deputy prosecuting attorney is entitled to absolute immunity. *See also Brodnicki v. City of Omaha*, 75 F.3d 1261 (8th Cir. 1996)(County prosecutors were entitled to absolute immunity from suit).

To the extent Watkins' complaint seeks injunctive relief, we find the claim not cognizable. While the Supreme Court has not held that this immunity insulates prosecutors from declaratory or injunctive relief, *see Pulliam v. Allen*, 466 U.S. 522, 104 S. Ct. 1970, 80 L. Ed. 2d 565 (1984), a plaintiff must show some substantial likelihood that the past conduct alleged to be illegal will recur. Watkins can make no such showing here. Further, injunctive relief is not appropriate where an adequate remedy under state law exists. *Id.*, 466 U.S. at 542 & n.22. *See also Bonner v. Circuit Court of St. Louis,* 526 F.2d 1331, 1336 (8th Cir. 1975).

### III. CONCLUSION

I therefore recommend that Watkins' claims be dismissed on the grounds that the claims seek relief against a defendant who is immune from suit. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)(IFP action may be dismissed on such grounds at any time).

**Watkins has ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Watkins is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 18th day of September 2007.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE