IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

EDDIE S. WATKINS                            PLAINTIFF

        v.                  Civil No. 6:07-cv-06062

RICHARD GARRETT, Chief
Deputy Prosecuting Attorney for
Hot Spring County, Arkansas                            DEFENDANT

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Eddie S. Watkins, currently an inmate in the Arkansas Department of Correction, filed this civil rights action pursuant to 42 U.S.C. § 1983. The case was dismissed prior to service of process (Doc. 12).

He filed a notice of appeal (Doc. 13). He also filed a motion to appeal *in forma pauperis* (IFP) (Doc. 16). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable Robert T. Dawson, United States District Judge, referred the motion to the undersigned for disposition or the issuance of a report and recommendation.

### Discussion

Watkins filed this civil rights action on September 4, 2007. He named as a defendant Richard Garrett, Chief Deputy Prosecuting Attorney for Hot Spring County, Arkansas. Watkins maintained that Garrett breached the terms of a plea agreement he had made with Watkins to allow his state sentence to serve concurrently with a federal sentence Watkins was already serving.

As was discussed in greater detail in the report and recommendation filed on September 18, 2007 (Doc. 6), Watkins' claims were subject to dismissal. Garrett in performing his duties as a prosecuting attorney was immune from suit. *See Imbler v. Pachtman*, 424 U.S. 409, 431, 96 S. Ct.

984, 995, 47 L. Ed. 2d 128 (1976)(Prosecuting attorney immune from suit); *Hancock v. Washtenaw County Prosecutor's Office*, 548 F. Supp. 1255, 1256 (E.D. Mich. 1982)(Prosecuting attorney's office not subject to suit).

Pursuant to 28 U.S.C. § 1915(a)(3) "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." As Watkins' claims are frivolous and/or asserted against individuals immune from suit, any appeal would not be taken in good faith. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

### Conclusion

I therefore recommend that the motion for leave to appeal IFP (Doc. 16) be denied as the appeal is not taken in good faith, 28 U.S.C. § 1915(a)(3). I further recommend that the clerk be directed to collect the $455 filing fee pursuant to the terms of the Prison Litigation Reform Act. Watkins may, of course, renew his motion for leave to appeal IFP with the Court of Appeals for the Eighth Circuit. Fed. R. App. P. 24(a).

**Watkins has ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Watkins is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 20th day of November 2007.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE